## 65163. DAVIS v. THE STATE.

Sognier, Judge.

Criminal attempt (robbery by snatching). Appellant's sole enumeration of error is on the general grounds.

Alice Glass went into a convenience store to get change for making a telephone call, placed her money in her pocket and went back outside to make her call. As Glass approached a telephone booth appellant came up behind her and put his hand in Glass's pocket where her money was located. Glass grabbed appellant's hand and they started scuffling. Glass' roommate, Geraldine Chambliss, drove up and Glass told her that appellant was trying to take her money. Chambliss then backed up and started forward in her car to pin appellant against the wall. Appellant jumped out of the way, got in a car with a friend and drove away. Both Chambliss and Glass identified appellant as the man who attempted to take her money and was scuffling with Glass. Chambliss also testified that appellant told a man standing nearby that "I'm gone take this G—damn money."

"A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1 (formerly Code Ann. § 26-1001). There was ample evidence to show that appellant attempted to rob Glass by snatching money from her pocket; his intent to commit robbery by snatching was shown by his statement that he was going to take Glass' money. Thus, the evidence was sufficient to support the verdict, and we hold that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

*H. Haywood Turner III,* for appellant.
*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellee.